## Fugate v. Fields.

(Decided June 10, 1932.)

CLARK PRATT, R. H. AMBURGEY, and C. P. STEPHENS, for appellant.

H. H. SMITH and D. G. BOLEYN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In June, 1929, R. H. Fields entered into a contract with Dial Fugate whereby he agreed to saw into lumber and cross-ties all of the latter's merchantable timber on a boundary of land in Knott county known as the Boggs farm. Fugate agreed to cut the timber into logs and to deliver the logs at the mill and to pay Fields $8 a thousand feet for sawing the lumber and 20 cents a tie for sawing the ties. Claiming that he had sawed 108,974 feet of lumber and 1,660 ties, and that under the contract the sum of $1,202.35 was due him of which only $886.31 had been paid, Fields brought this action against Fugate to recover the balance of $316.04. He also alleged in his petition that the defendant had breached the contract in failing to cut into logs and deliver at the mill all of the merchantable timber on the Boggs farm, and that by reason of such breach he had been damaged in the sum of $300.

The defendant answered traversing the allegations of the petition, and in a counterclaim sought damages in the sum of $1,700 for the alleged failure of the plaintiff to comply with the contract. He alleged that he had been damaged in the sum of $500 by reason of plaintiff's failure to begin sawing the timber within the time fixed in the contract, $500 by reason of his failure to build a house provided for in the contract, and $700 by reason of

the unworkmanlike manner in which the lumber was sawed. Other pleadings completed the issues, and on the trial of the case the jury returned a verdict in favor of the plaintiff for the sum of $286.29.

The contract was in writing, but at the time of the trial it had been lost. The parties agreed as to the contents of the writing except as to two provisions: Appellee testified that he was to move his mill onto the Boggs farm and begin sawing the lumber as soon as it was reasonably practicable; while appellant testified that appellee was to begin work within three weeks from the date of the contract. Appellant claims that the contract provided appellee should build a logging camp on the land which was to become the property of appellant when the work was completed; appellee claims that this camp was to be built at his option. Appellee did not move his mill onto the farm and begin sawing the timber until about two months after the contract had been entered into, and he explains the delay by saying that the roads were impassable on account of bad weather and that the mill was moved onto the land as soon as it was practicable to do so. Whatever the cause for the delay may have been, however, there is no merit in appellant's claim for damages on this account, since he made no point of this at the time and permitted appellee to go on the land and begin work without objection. If there was any breach of the contract in this respect, it was waived. The evidence as to whether or not the contract required appellee to build a camp house on the land was conflicting, but this question was submitted to the jury, and it found against the appellant.

Appellee and a number of witnesses testified that from 30,000 to 50,000 feet of merchantable timber was left on the land and appellee testified that he would have made a profit of $4 a thousand feet if this timber had been logged and delivered at the mill by the appellant as the contract provided. These witnesses stated that they walked over the land and estimated the amount of standing timber. It is insisted that this was merely opinion evidence without any facts to support it and was incompetent. The witnesses were experienced timber men, and were qualified to express an opinion as to the amount of standing timber on land with which they were familiar. The jury at most found but a small amount on appellee's claim for lost profits, and the evidence, even if incompe-

tent, could not have been prejudicial. Appellant offered to prove what he received for about 12,000 feet of the lumber which was shipped to Cincinnati and which he claims sold at a low price because of the negligent manner in which it had been cut. The court sustained an objection to this evidence, which was proper, but appellant was permitted to show the manner in which the lumber was cut.

It is insisted that the verdict is flagrantly against the evidence because the appellee introduced no competent evidence as to the amount of lumber which he sawed. The appellee kept no record of the amount of lumber sawed, but intrusted this duty to the appellant. After appellant ceased delivering logs at the mill, he offered to settle with appellee by paying him $56. He claimed then that appellee had sawed about 70,000 feet of lumber and 1,520 ties. On the trial appellant admitted that appellee had sawed 83,097 feet of lumber and 1,520 ties. It was also shown that he paid the men who hauled the ties and lumber $795.87, of which $304 was for hauling 1,520 ties at 20 cents a tie. The remaining $491.87 was paid for hauling lumber at $5 a thousand feet. This would indicate that appellant paid for hauling more than 98,000 feet of lumber which was sawed by appellee. The verdict was amply supported by the evidence.

Some complaint is made of the instructions, but we have carefully examined them, and find that they correctly submitted the issues raised by the pleadings and the proof.

The judgment is affirmed.